UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

TRACEY E. BOGLE,                                Case No. 6:18-cv-02095-AA

    Plaintiff,                                        ORDER

v.

OREGON DEPARTMENT OF
CORRECTIONS; SANTIAM
CORRECTIONAL INSITUTION;
STATE OF OREGON; COLLETTE S.
PETERS; MRS. HENDRIX; C/O
LIEUTENANTS DOES 1-10; C/O
DOES 1-30,

    Defendants.

---

AIKEN, District Judge:

    Plaintiff filed this action pursuant to 42 U.S.C. § 1983 and alleged that defendants at the Santiam Correctional Institution (SCI) exhibited deliberate indifference toward his health in violation of the Eighth Amendment by allowing excessive exposure to environmental tobacco smoke, commonly known as second-hand smoke.

    On September 19, 2019, defendants moved for summary judgment on plaintiff's claims. This Court issued a Summary Judgment Advice Notice and Scheduling Order and allowed

1 - ORDER

plaintiff thirty days to respond to defendants' motion. Plaintiff did not file a timely response to defendants' motion, and on November 14, 2019, plaintiff was ordered to show cause within thirty days why this case should not be dismissed for the reasons stated in defendants' motion. Plaintiff was also advised that the failure to respond to the Order to Show Cause would result in dismissal of this action. To date, plaintiff has not responded.

Plaintiff's claims arise from defendants' refusal to transfer him to a different housing unit and their alleged failure to enforce the prohibition against tobacco. To sustain an Eighth Amendment claim in these circumstances, plaintiff must make 1) an objective showing that the constitutional deprivation was "sufficiently serious" and 2) a subjective showing that the defendant was aware of the risk to the inmate's health or safety and deliberately disregarded that risk. *Foster v. Runnels*, 554 F.3d 807, 812 (9th Cir. 2009); *Hearns v. Terhune*, 413 F.3d 1036, 1042 (9th Cir. 2005). The evidence presented in support of defendants' motion wholly refutes plaintiff's allegations of deliberate indifference.

Defendants explain that plaintiff did not qualify for the housing unit he requested, due to his disciplinary history. Hendricks Decl. ¶17 & Att. 6. Defendants also refute plaintiff's allegations that he experienced a smoker's cough, headaches, and discomfort from exposure to second-hand smoke. Plaintiff was seen regularly by medical staff at SCI and complained only once about exposure to second-hand smoke and once about headaches. DiGiulio Decl. ¶ 10. Further, Dr. DiGiulio states that, in his professional medical opinion, plaintiff's symptoms allegedly caused by second-hand smoke exposure were instead symptoms of plaintiff's seasonal allergies. *Id.* ¶11. Finally, defendants explain the efforts taken at SCI to prevent introduction of tobacco and to detect its use in order to combat the effects of second-hand smoke. Hendricks Decl. ¶¶ 3, 6, 10-11, 13 & Att. 5.

Plaintiff presents no evidence to rebut the facts set forth in defendants' motion, and he fails to raise a genuine issue of material fact to defeat summary judgment.

## CONCLUSION

Defendants' Motion for Summary Judgment (ECF No. 25) is GRANTED, and this action is DISMISSED.

IT IS SO ORDERED.

DATED this 8th day of January, 2020.

Ann Aiken
United States District Judge